IN THE MATTER OF THE PETITION OF JIMMIE LEWIS FOR A WRIT OF MANDAMUS.
No. 164, 2007.
Supreme Court of Delaware.
Submitted: April 23, 2007.
Decided: May 24, 2007.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 24th day of May 2007, it appears to the Court that:
(1) The petitioner, Jimmie Lewis, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to compel the Superior Court to order defense counsel and the State of Delaware to respond to his postconviction motion pursuant to Superior Court Criminal Rule 61. The State of Delaware, as the real party in interest, has filed an answer requesting that Lewis' petition be dismissed. We conclude that Lewis' petition is moot and, therefore, must be dismissed.
(2) The Superior Court docket sheet reflects that, on March 19, 2007, Lewis filed a motion for postconviction relief. The docket sheet also reflects that, on April 27, 2007, the Superior Court issued its decision on Lewis' motion and summarily dismissed his claims as untimely and procedurally barred.
(3) This Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[2] In the absence of a clear showing of an arbitrary failure or refusal to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket.[3]
(4) Lewis' petition for a writ of mandamus is moot. The Superior Court issued its decision on Lewis' postconviction motion on April 27, 2007. Although the Superior Court did not decide the motion in the manner requested by Lewis in his petition, this Court will not issue a writ of mandamus to compel a trial court to decide a matter in a particular way.
NOW, THEREFORE, IT IS ORDERED that Lewis' petition for a writ of mandamus is DISMISSED.
NOTES
[1] Del. Const. art. IV, § 11(5); Supr. Ct. R. 43.
[2] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[3] Id.