IN THE MATTER OF THE PETITION OF HENRY R. TAYLOR FOR A WRIT OF MANDAMUS.
No. 147, 2007.
Supreme Court of Delaware.
Submitted: April 12, 2007.
Decided: June 6, 2007.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 6th day of June 2007, upon consideration of Henry R. Taylor's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:
(1) In early January 2007, Taylor filed a motion for postconviction relief. In conjunction with the postconviction motion, Taylor filed a motion for an evidentiary hearing and a motion for the appointment of counsel.
(2) By order dated January 10, 2007, the Superior Court rejected and returned Taylor's postconviction motion as a nonconforming document.[1] It appears that Taylor filed an amended postconviction motion on January 31, 2007.[2]
(3) A writ of mandamus is designed to compel relief when the trial court has manifested an arbitrary failure or refusal to perform a nondiscretionary duty and no other remedy is available at law.[3] In this case, Taylor seeks mandamus relief as a means to challenge an order issued by the Superior Court on February 6, 2007. The Superior Court's February 6 order denied Taylor's motion for an evidentiary hearing on the basis that Taylor had not, as of that date, amended his postconviction motion.[4]
(4) In his mandamus petition, Taylor contends that the January 31 amended postconviction motion cured the defect in the prior nonconforming motion and was accepted for filing by the Superior Court. Thus, Taylor argues, the Superior Court breached a nondiscretionary duty when the Court failed to consider the amended postconviction motion in conjunction with Taylor's motion for an evidentiary hearing.
(5) Taylor has a point. It appears that the Superior Court was not aware of Taylor's January 31 amended postconviction motion when the Court issued its February 6 order.[5] Nonetheless, under the circumstances reflected in the Superior Court docket, Taylor has not established that he is entitled to mandamus relief.
(6) By letter dated March 26, 2007, addressed to Taylor, the Superior Court acknowledged receipt of Taylor's motion seeking reconsideration of the February 6 order and motion requesting a stay of the proceedings.[6] In the same letter, the Superior Court advised Taylor of its intention to rule upon Aall pending motions@ once this Court had decided an appeal that Taylor had taken from the February 6, 2007 order.[7]
(7) In view of the March 26 letter, as it is reflected on the docket, Taylor has not demonstrated that the Superior Court arbitrarily failed or refused to act upon his amended postconviction motion. To the contrary, it appears that the Superior Court is aware of all of Taylor's pending motions, including his amended postconviction motion, and intends to rule upon those motions in due course.[8]
NOW, THEREFORE, IT IS ORDERED that Taylor's petition for a writ of mandamus is DISMISSED.
NOTES
[1] State v. Taylor, Del. Super., Cr. ID No. 30903471DI, (Jan. 10, 2007) (order of Anotice of noncompliance@).
[2] See docket at 79, State v. Taylor, Del. Super., Cr. ID No. 30903471DI.
[3] In re Bordley, 545 A.2d 619 (Del. 1988).
[4] State v. Taylor, 2007 WL 339180 (Del. Super.). In the same order, the Superior denied Taylor's motion for appointment of counsel for lack of good cause.
[5] It appears that the Prothonotary notified the Department of Justice of Taylor's amended postconviction motion by letter filed on February 7, 2007. See docket at 81, State v. Taylor, Del. Super., Cr. ID No. 30903471DI.
[6] Id. at 82, 83, 86.
[7] Id. at 86. State v. Taylor, Del. Super., Cr. ID No. 30903471DI (Feb. 6, 2007) (interim order), appeal docketed, No. 125, 2007 (Del. Supr. Mar. 13, 2007).
[8] The Court notes that jurisdiction was returned to the Superior Court on March 13, 2007, upon the Prothonotary's receipt of the mandate enclosing Taylor's voluntary dismissal of his appeal. See docket at 85, State v. Taylor, Del. Super., Cr. ID No. 30903471DI.