IN THE MATTER OF THE PETITIONS OF DESHAWN D. DRUMGO FOR A WRIT OF MANDAMUS
No. 310, 2008,
No. 349, 2008 Consolidated[1]
Supreme Court of Delaware.
Submitted: July 23, 2008.
Decided: August 26, 2008.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 26th day of August 2008, it appears to the Court that:
(1) The petitioner, Deshawn D. Drumgo, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[2] to compel the Superior Court to make a finding as to whether his court-appointed counsel has a conflict of interest. The State of Delaware has filed an answer and motion to dismiss. We find that Drumgo's petitions manifestly fail to invoke the original jurisdiction of the Court. Accordingly, the petitions must be dismissed.
(2) On October 12, 2007, Drumgo was convicted of Murder in the Second Degree and several weapon offenses in Superior Court. An attorney from the Office of the Public Defender was appointed to represent him in his direct appeal in No. 39, 2008. Drumgo contends that this attorney has a conflict of interest because he represented the murder victim in 2005 in a misdemeanor case in the Court of Common Pleas.
(3) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: he has a clear right to the performance of the duty; no other adequate remedy is available; and the trial court has arbitrarily failed or refused to perform its duty.[4]
(4) Drumgo has failed to demonstrate that the Superior Court arbitrarily failed or refused to perform a duty owed to him. The Superior Court docket does not reflect that Drumgo ever brought his concern to the attention of the Superior Court in the first instance. Moreover, the Supreme Court docket reflects that, by Order of this Court dated August 7, 2008, substitute counsel was appointed to represent Drumgo in No. 39, 2008, rendering his petitions moot. For these reasons, Drumgo's petitions must be dismissed.
NOW, THEREFORE, IT IS ORDERED that the petitions for a writ of mandamus are DISMISSED.
NOTES
[1] Because these appeals present common questions of fact and law, we hereby consolidate them sua sponte.
[2] Del. Const. art. IV, § 11(6); Supr. Ct. R. 43.
[3] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[4] Id.