IN THE MATTER OF THE PETITION OF KEVIN D. DIXON, SR., FOR A WRIT OF MANDAMUS.
No. 429, 2008.
Supreme Court of Delaware.
Submitted: September 10, 2008.
Decided: October 3, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice
This 3rd day of October 2008, it appears to the Court that:
(1) The petitioner, Kevin D. Dixon, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to compel the Superior Court to decide his postconviction motion and to issue an order changing the venue of his case from Kent County to New Castle County. The State of Delaware has filed an answer requesting that Dixon's petition be dismissed. We find that Dixon's petition manifestly fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.
(2) In August 1983, Dixon pleaded guilty to Murder in the Second Degree as a lesser-included offense of Murder in the First Degree. He was sentenced to life in prison. Dixon filed a motion for postconviction relief in the Superior Court on April 12, 2007 and an amended motion on May 18, 2007. Dixon's instant petition claims that the Superior Court has failed to issue a decision on his postconviction motion and requests this Court to compel the Superior Court to do so.
(3) The Superior Court docket in Cr. ID No. 0004013285 reflects that the Superior Court issued its decision on Dixon's postconviction motion on February 19, 2008.[2] The Superior Court dismissed both the original motion and the amended motion as procedurally barred pursuant to Superior Court Criminal Rules 61(i) (1) and (3).
(4) A writ of mandamus is an extraordinary remedy issued by this Court to compel a lower court to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that a) he has a clear right to the performance of the duty; b) no other adequate remedy is available; and c) the trial court has arbitrarily failed or refused to perform its duty.[4]
(5) Because the Superior Court has issued its decision on Dixon's postconviction motion, there is no basis for the issuance of a writ of mandamus in this case. Therefore, Dixon's petition for a writ of mandamus must be dismissed.[5]
NOW, THEREFORE, IT IS ORDERED that Dixon's petition for a writ of mandamus is DISMISSED.
NOTES
[1] Del. Const. art. IV, § 11(6); Supr. Ct. R. 43.
[2] The order was docketed on February 20, 2008.
[3] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[4] Id.
[5] Because Dixon has provided no support for his request that the venue of his case be changed from Kent County to New Castle County, his request is hereby denied.