IN THE MATTER OF THE PETITION OF RONALD G. JOHNSON FOR A WRIT OF MANDAMUS.
No. 255, 2009
Supreme Court of Delaware.
Submitted: May 13, 2009.
Decided: July 7, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 7th day of July 2009, it appears to the Court that:
(1) After his arrest on April 8, 2009, the petitioner, Ronald G. Johnson, was bound over to the Superior Court pending indictment on two felony charges and two misdemeanor charges. On April 24, 2009, Johnson filed several pro se pretrial motions in the Superior Court.
(2) On May 1, 2009, prior to indictment, prosecutors filed a nolle prosequi in the Superior Court on the two felony charges. On the same date, prosecutors filed an information in the Court of Common Pleas on the two misdemeanor charges.
(3) On May 6, 2009, Johnson was released from custody. It appears from the docket that Johnson is scheduled for arraignment in the Court of Common Pleas on August 10, 2009.
(4) On May 6, 2009, Johnson filed a petition seeking the issuance of a writ of mandamus to compel the Superior Court to consider the pretrial motions that he had filed twelve days earlier. The State of Delaware has filed an answer and motion to dismiss.
(5) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[1] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that (a) he has a clear right to the performance of the duty; (b) no other adequate remedy is available; and (c) the trial court has arbitrarily failed or refused to perform its duty.[2]
(6) Johnson has failed to demonstrate that he is entitled to mandamus relief. Johnson did not make "a clear showing of an arbitrary refusal or failure to act" on the part of the Superior Court.[3] Moreover, upon the May 1, 2009 dismissal of the Superior Court charges, Johnson's mandamus petition is moot.
NOW, THEREFORE, IT IS ORDERED that Johnson's petition for a writ of mandamus is DISMISSED.
NOTES
[1] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[2] Id.
[3] Id.