IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF DEVIN COLEMAN § No. 253, 2015
FOR A WRIT OF MANDAMUS §

Submitted: May 27, 2015
Decided: June 9, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

### **O R D E R**

This 9th day of June 2015, upon consideration of the petition of Devin Coleman for a writ of mandamus, it appears to the Court that:

(1) The petitioner, Devin Coleman, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus reversing the Superior Court Commissioner's order denying Coleman's motion to recuse her from considering his pending motion for postconviction relief. The State has filed an answer and motion to dismiss Coleman's petition. After careful consideration, we find that Coleman's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) A writ of mandamus is designed to compel a lower court to perform a duty if it is shown that: (i) the complainant has a clear right to the performance of the duty; (ii) no other adequate remedy is available; and (iii) the

trial court has arbitrarily failed or refused to perform its duty.[1]  A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]  A writ of mandamus is not warranted under the present circumstances because recusal is a matter that is within the discretion of the judicial officer whose recusal is sought.[3]  Moreover, Coleman may raise the Commissioner's denial of his motion in any appeal from a final order issued by the Superior Court in the proceedings below.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of an extraordinary writ of mandamus is DENIED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

[3] *Id.*

2