IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS A. MORGAN, | § | |
| | § | |
| Defendant Below- | § | No. 508, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | C.A. No. S14M-04-032 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 8, 2015
Decided: July 1, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# O R D E R

This 1st day of July 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Thomas Morgan, filed this appeal from the Superior Court's dismissal of his petition for a writ of mandamus. Morgan sought the writ in order to compel the Department of Correction ("DOC") to credit him with additional good time he claims to have earned for programs he participated in from 1993-2006. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that a Superior Court jury convicted Morgan in 1993 of two counts of unlawful sexual intercourse in the first degree, one count of

unlawful sexual intercourse in the second degree, and one count of kidnapping in the second degree. The Superior Court sentenced Morgan to a total period of thirty-six years at Level V imprisonment to be suspended after serving thirty-two years in prison for decreasing levels of supervision.

(3) Morgan filed a petition for a writ of mandamus in May 2014 claiming that he was entitled to 1050 days of meritorious good time credit, which would change his projected release date from April 16, 2020 to June 10, 2016. In response, the Superior Court directed the State to have the appropriate DOC employee provide an affidavit to the court outlining Morgan's program participation in order to determine if Morgan had been credited with all of the good time he was entitled to receive.

(4) The State provided the requested affidavit, which included a detailed spreadsheet and explanation of the audit process used to determine Morgan's credit time. The affidavit also explained the statutory limits and the DOC's policies on awarding good time, which resulted in Morgan earning more good time credits than he was legally entitled to have deducted from his sentence.[1] After considering the additional paperwork provided by Morgan, the DOC determined that Morgan was entitled to have an additional 68 days of credit time deducted from his

---

[1] Under the version of the good time statute in effect during 1993-2006, an inmate could earn, at most, 4.5 days of good time for satisfactory participation in education, rehabilitation, and work programs. Thus, even if an inmate "earned" 9 meritorious good time credits in one month, only 4.5 could legally be deducted. *See* 11 *Del. C.* § 4381(c), (d) (2007).

2

sentence, which resulted in an adjustment of his projected release date. After considering the DOC's affidavit, the Superior Court determined that the DOC had awarded Morgan all of the good time to which he was entitled and had recalculated his projected release date accordingly. Thus, the Superior Court dismissed Morgan's petition for a writ of mandamus. This appeal followed.

(5) Morgan's sole issue on appeal is that the Superior Court erred by not reviewing the DOC's policies regarding the deduction of good time credits, which "are violative as an unlawful delegation of legislative power." Morgan, however, did not raise his unlawful delegation argument to the Superior Court in the first instance. Accordingly, we will not consider this issue for the first time on appeal in the absence of plain error,[2] which we do not find.

(6) The good time statute, 11 *Del. C.* § 4381, specifies which sentences are subject to an award of good time and sets limits on the amount of good time that may be awarded. Subject to the provisions of the statute, the award of good time is to be governed by "rules and regulations adopted by the Commissioner of Corrections."[3] Contrary to Morgan's suggestion, the General Assembly was not required to spell out every detail concerning the administration of good time under Section 4381.[4] We conclude that Section 4381 does not unlawfully delegate

---

[2] Del. Supr. Ct. R. 8.

[3] 11 *Del. C.* § 4381(a).

[4] *In re Request of Governor for Advisory Opinion*, 12 A.3d 1104, 1110 (Del. 2009).

3

legislative power to the Commissioner because the statute establishes adequate standards for the administration of the award of good time.[5]

(7)     Moreover, we find no merit to Morgan's suggestion that the Superior Court erred in failing to issue the writ ordering the DOC to deduct all of the good time credits that he claimed.  A writ of mandamus is an extraordinary remedy issued to compel an administrative agency to perform a duty.[6]  As a condition precedent to the issuance of the writ, the petitioner must demonstrate that: (a) he has a clear right to the performance of the duty; (b) no other adequate remedy is available; and (c) the agency has arbitrarily failed or refused to perform its duty.[7]  We find no error in the Superior Court's reliance upon the DOC's affidavit in concluding that Morgan had received all of the good time credit to which he had a right.  Accordingly, the Superior Court properly dismissed Morgan's petition.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[5] *Id.*

[6] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[7] *Id.*

4