IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF JAMES ARTHUR | § | No. 33, 2016 |
| BIGGINS FOR AN | § | |
| EXTRAORDINARY WRIT | § | |

Submitted: March 30, 2016
Decided: June 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## **O R D E R**

This 1st day of June 2016, upon consideration of James Arthur Biggins' request to file a petition seeking an unspecified extraordinary writ, the State's response, and the additional filings in this matter,[1] it appears to the Court that:

(1)    Biggins was convicted in 1997 of multiple sex offenses. Since that time he has filed many unsuccessful petitions seeking to overturn his convictions and sentences. As a result of Biggins' numerous frivolous filings, this Court entered an order on July 11, 2011, prohibiting him from "filing any further papers in this Court challenging his convictions in Cr. ID 9609015504 without prior approval of a Justice of this Court."[2]

---

[1] Among those additional filings, we note that Biggins filed two motions on March 22, seeking to expand the record and compel the production of transcripts and other documents. Those two motions are hereby denied.

[2] *Biggins v. State*, 2011 WL 2731214 (Del. July 11, 2011).

(2)     On January 19, 2016, Biggins filed a petition seeking an unspecified extraordinary writ.  After the Clerk issued a rule to show cause why the petition should not be dismissed for Biggins' failure to obtain prior approval of a Justice to file, Biggins wrote to the Court asking permission to file his petition.  The State filed a response asking that the petition be dismissed for failure to invoke this Court's original jurisdiction to issue an extraordinary writ.   After careful consideration, we grant Biggins' request to file his petition but dismiss the petition for lack of jurisdiction.

(3)     Although Biggins' request for relief is not well-articulated, he asserts that newly discovered evidence exists proving that his 1997 trial was unfair.  In support of this assertion, Biggins attaches to his petition a letter dated June 25, 2015 from an attorney with the United States Department of Justice ("USDOJ") to Delaware Attorney General Matthew Denn regarding Biggins' criminal case.  The letter states that the laboratory report provided by the Federal Bureau of Investigation in Biggins' case included statements that were unreliable because the statements exceeded the limits of science that then existed.  The letter offered no comment on whether or not the unreliability of the FBI laboratory report was material to Biggins' case.

(4)     Given his assertion of newly discovered evidence, the Court infers that Biggins is requesting that a writ of mandamus be issued directing the Superior

2

Court to grant him a new trial. This Court has original jurisdiction to issue an extraordinary writ of mandamus to compel a trial court to perform a duty if the petitioner can show that: (i) he has a clear right to the performance of the duty; (ii) no other adequate legal remedy is available; and (ii) the trial court has arbitrarily failed or refused to perform its duty.[3] A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(5) The Superior Court docket in Biggins' criminal case reflects that he filed a motion for a new trial on July 16, 2015, after receiving the USDOJ's letter to Attorney General Denn.[5] To the extent that Biggins is requesting this Court to order the Superior Court to rule on his pending motion, we conclude that a writ of mandamus is not warranted because Biggins cannot establish that the Superior Court has arbitrarily refused to act. Although the Superior Court erroneously believed that Biggins had filed an appeal that left the Superior Court without jurisdiction to rule on his motion, we do not find the Superior Court's failure to act to be an arbitrary refusal. Biggins' litigious history and the multitude of documents that he has continued to file in the Superior Court no doubt contributed

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[4] *Id.*

[5] The Superior Court docket reflects that Biggins also filed a motion for a new trial in May 2015, but that the Superior Court declined to rule on it until it received further information regarding the USDOJ's audit of the lab report filed in Biggins' case.

to the Superior Court's incorrect assumption that it had lost jurisdiction in his case. Moreover, to the extent that Biggins is requesting this Court to order the Superior Court to grant his motion for a new trial, mandamus is not warranted because this Court will not order the Superior Court to decide his pending motion in any particular way.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of an extraordinary writ is DISMISSED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

4