IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF WEIH STEVE | § No. 422, 2016 | |
| CHANG FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: August 22, 2016
Decided: October 10, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 10th day of October 2016, it appears to the Court that:

(1)     This is the second petition Weih Steve Chang has filed in this Court for the issuance of a writ of mandamus to the Delaware State Police for the arrest of a former Court of Common Pleas judge accused of child molestation.  In the first petition filed on July 22, 2016 (*In re Chang*, No. 377, 2016), Chang asked this Court to issue a writ of mandamus to the Delaware State Police for the arrest of a former Court of Common Pleas judge or, in the alternative, to issue a writ of mandamus to the Justice of the Peace Court for acceptance of his citizen's arrest warrant for the same judge.  We dismissed the petition because: (i) this Court lacks jurisdiction to issue a writ of mandamus to the police under Del. Const. Art. IV, § 11(5); and (ii) at the time Chang filed his petition, a petition for a writ of mandamus to the Justice of the Peace Court had not been filed and denied in the

Superior Court as required by Supreme Court Rule 43.[1]  We noted that if Chang wished to file a notice of appeal or a petition for a writ of mandamus based upon the Superior Court's denial of the petition for a writ of mandamus he filed in that court on August 3, 2016, he had to file a notice of appeal of the Superior Court order or a new petition for a writ of mandamus in this Court.[2]

(2)    Chang filed this petition on August 17, 2016.  In the petition, Chang asks this Court to issue a writ of mandamus to the Delaware State Police for the arrest of a former Court of Common Pleas judge.  On August 18, 2016, the Chief Deputy Clerk issued a notice to show cause directing Chang to show cause why this matter should not be dismissed for this Court's lack of jurisdiction under Del. Const. IV, § 11(5) to issue a writ of mandamus to the police.

(3)    In response to the notice to show cause, Chang claims any person aggrieved by the failure of an agency to take required action may bring a petition for a writ of mandamus in this Court under 29 *Del. C.* §10143 and that this Court has jurisdiction over "other extraordinary writs" under Supreme Court Rule 43.  As previously held, this Court lacks jurisdiction to issue a writ of mandamus to the police under Del. Const. IV, § 11(5).[3]  The term "Court" in § 10143 does not refer

---

[1] *In re Chang*, 2016 WL 4382643 (Del. Aug. 16, 2016).
[2] *Id.* at *1.
[3] *Id.* (citing Del. Const. Art. IV, § 11(5)).

to this Court.[4]  Other than a writ of mandamus, Chang has not identified any other extraordinary writ that he seeks.

(4)  To the extent Chang's petition can be construed as an appeal of the Superior Court's August 3, 2016 order denying his petition for a writ of mandamus in *Chang v. Children's Advocacy Center of Delaware*, C.A. No. K16M-08-002, he failed to show a basis for issuance of a writ of mandamus.  To obtain a writ of mandamus, a petitioner must show that: (i) he has a clear right to the performance of a duty; (ii) no other adequate remedy is available; and (iii) an arbitrary failure or refusal to perform the duty.[5]  Chang has not shown a clear right to the arrest of a former Court of Common Pleas judge or that there was any arbitrary failure or refusal to perform a duty owed to him or the class he purports to represent.  The Superior Court did not err, therefore, in dismissing Chang's petition for a writ of mandamus.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] 29 *Del. C.*§ 10102(4) ("'Court' means the Superior Court of the State except for appeals from the Division of Child Support Enforcement, which will be heard by the Family Court of the State.").

[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).