IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF JOHN S. § No. 483, 2016
STRITZINGER FOR A WRIT OF §
MANDAMUS. §

Submitted: January 10, 2017
Decided: February 3, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 3rd day of February 2017, it appears to the Court that:

(1) John S. Stritzinger seeks the issuance of a writ of mandamus to compel the Superior Court or the Court of Common Pleas to dismiss his criminal case or to remove the case to federal court to join his claims in a pending civil suit. The State of Delaware has filed an answer to the petition. Having considered the parties' submissions, we conclude that Stritzinger's petition for a writ of mandamus manifestly fails to invoke the Court's original jurisdiction and must be dismissed.

(2) Stritzinger's mandamus petition appears to arise from his convictions in three cases in the Court of Common Pleas—Cr. ID Nos. 1408008388 ("first case"); 1408021104 ("second case"); and 1409003677 ("third case").[1] The case dockets reflect that Stritzinger did not appear for his preliminary hearing in the first

---

[1] The Court has taken judicial notice of the Court of Common Pleas case dockets attached to the State's answer, updates to those dockets, and a case docket in a related Superior Court case.

case or for his arraignments in the second and third cases. As a result, the first case was transferred to the Superior Court, where Stritzinger was indicted on March 2, 2015.[2] In the second and third cases, capiases issued from the Court of Common Pleas. The capiases were returned on April 22, 2015, and on April 27, Stritzinger pled not guilty and demanded a jury trial in those cases.

(3)     When Stritzinger did not appear for his case review in the first case, the Superior Court issued a capias, which was returned on September 30, 2015. At the rescheduled case review on October 12, Stritzinger's defense counsel told the Superior Court that the first case was being transferred back to the Court of Common Pleas.

(4)     On October 22, 2015, Stritzinger pled *nolo contendere* before judgment in the Court of Common Pleas on three counts, one from each of the three cases. The Court of Common Pleas sentenced Stritzinger to one year of probation with mental health evaluation and treatment.

(5)     On November 4, 2016, Stritzinger was charged with a violation of probation in the second and third cases. When Stritzinger did not appear for the hearing scheduled on January 6, 2017, the Court of Common Pleas issued capiases, which remain outstanding as of the date of this Order.

---

[2] *State v. Stritzinger*, Del. Super., Cr. ID No. 1408008388.

2

(6)  This Court has authority to issue a writ of mandamus when the petitioner can demonstrate a clear right to the performance of a duty that the trial court has failed or refused to perform.[3]  Under Supreme Court Rule 43, a petition seeking the issuance of a writ of mandamus to the Court of Common Pleas must "have been first presented to and denied by the Superior Court."[4]

(7)  Stritzinger has failed to show that he is entitled to the issuance of a writ of mandamus.  Stritzinger has not established a clear right to the relief he seeks or that the Superior Court has arbitrarily failed or refused to perform a duty owed to him.  To the extent he seeks the issuance of a writ mandamus to the Court of Common Pleas, Stritzinger has not demonstrated that he sought a writ of mandamus from the Superior Court in the first instance.

NOW, THEREFORE, IT IS ORDERED, that the petition for a writ of mandamus is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] Del. Supr. Ct. R. 43(b)(vi).