IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF JAMES C. BELL § No. 458, 2017
FOR A WRIT OF MANDAMUS §

Submitted: November 22, 2017
Decided: December 19, 2017

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

**O R D E R**

This 19th day of December 2017, upon consideration of James C. Bell's petitions for a writ of mandamus and motions to expedite,[1] it appears to the Court that:

(1)     The petitioner, James C. Bell, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus compelling the Superior Court and Sussex County Sheriff to transfer the title of certain real property to him. After careful review, we find that Bell's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petitions must be dismissed. The motions to expedite are denied as moot.

(2)     On January 11, 2017, Bell obtained a default judgment in the Justice of the Peace Court against Eric C. Howard for $1,498.47, plus court costs and post-judgment interest. The judgment was transferred to the Superior Court on February

---

[1] No responses were filed.

3, 2017. On July 24, 2017, Bell filed a writ of *fieri facias* attachment and *praecipe*. The writ directed the Sussex County Sheriff to levy, inventory or seize and sell the personal property or real estate of Howard.

(3) On October 27, 2017, the sheriff's return was filed in the Superior Court. The document showed return after there was no contact with Bell as of October 26, 2017 and that the levy was executed on tax parcel 2-30-7.00-42.00. On November 30, 2017, Bell filed a motion to transfer at least two acres of Howard's real estate to him.

(4) On November 2, 2017, Bell filed a petition for a writ of mandamus in this Court. Bell appears to seek a writ of mandamus compelling the Superior Court and Sussex County Sheriff to transfer the title of tax parcel 2-30-7.00-42.00 to him in satisfaction of his $1,498.47 judgment, plus court costs and post-interest judgment. Bell filed a motion to expedite his petition for a writ of mandamus on December 1, 2017. Bell filed another petition for a writ of mandamus and another motion to expedite on December 12, 2017. The petition and motion were similar to his first petition and motion.

(5) The original jurisdiction of this Court to issue a writ of mandamus is limited "to the Superior Court, and the Court of Chancery, or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes

2

proper to give effect to the same."[2]  A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[3]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(6)     This Court lacks jurisdiction to issue a writ of mandamus to the Sussex County Sheriff.[5]  As to the Superior Court, Bell has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him or that no other adequate remedy is available to him.

NOW, THEREFORE, IT IS ORDERED that the petitions for the issuance of a writ of mandamus are DISMISSED.  The motions to expedite are denied as MOOT.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[2] Del. Const. Art IV, § 11(5).
[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*
[5] *See supra* n. 2.  *See also In re Goodlett*, 2005 WL 1950218, at *1 (Del. July 19, 2005) ("The Court is without jurisdiction to issue a writ of mandamus directed to the Public Defender, Attorney General, and the police.").

3