IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | No. 9, 2020 |
| PETITION OF WILLIAM J. WEBB | § | |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted: March 9, 2020
Decided: March 26, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

**O R D E R**

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, William J. Webb, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, asking the Court to issue a writ of mandamus ordering the Superior Court to dismiss multiple criminal charges that are pending against him in that court and to order his immediate release from prison. We conclude that the petition is without merit and must be dismissed.

(2)    In June 2019, Webb was indicted on numerous charges arising from alleged conduct that occurred on multiple dates between February and May of 2019. Trial is currently scheduled to begin on June 2, 2020. On January 9, 2020, Webb filed a petition for a writ of mandamus in this Court. In the petition, Webb asserts that the proceedings in the Superior Court violate Double Jeopardy and his right to

a speedy trial, that evidence against him was obtained through an illegal search, and that his indictments were based on false testimony.

(3) A writ of mandamus is an extraordinary remedy that has "traditionally been used only to confine a trial court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."[1] This Court will issue a writ of mandamus to the Superior Court only if the petitioner can show: (i) a clear right to the performance of a duty by the Superior Court; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[2] Moreover, "in the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(4) Webb has not demonstrated that the Superior Court has failed or refused to perform its duty. The Superior Court docket reflects that the court has been attentive to this matter and that trial has been delayed because of the need to address various issues, including Webb's legal representation and obtaining a psychological evaluation to determine Webb's competency to stand trial. A writ of mandamus may not be used either to compel the Superior Court to release a petitioner from custody

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988) (internal quotation omitted).
[2] *Id.*
[3] *Id.*

2

or to perform a discretionary act involving the scheduling of his trial when he has not shown a clear abuse of discretion in such matters.[4]

(5) Webb also has not shown that no other adequate remedy is available, because he may present the legal issues he raises in the Superior Court proceedings and through the appellate process. This Court will not issue a writ of mandamus to require a trial court to decide a matter in a particular way, nor may a defendant use a petition for a writ of mandamus as a substitute for an appeal.[5]

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] *Harris v. State*, 1987 WL 37710 (Del. June 2, 1987).
[5] *In re Noble*, 2014 WL 5823030 (Del. Nov. 6, 2014).