IN THE SUPREME COURT OF THE STATE OF DELAWARE

| IN THE MATTER OF THE | § | |
|---|---|---|
| PETITION OF JOSE′ | § | No. 27, 2015 |
| CARABALLO FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: January 30, 2015
Decided: February 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 12th day of February 2015, upon consideration of Jose′ Caraballo's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    The Superior Court docket reflects that Caraballo was arrested on April 3, 2014 on a charge of Robbery in the First Degree (Cr. ID 1404001994).  He filed a motion to dismiss the charge, which was denied as moot after the grand jury returned an indictment against him in June 2014.  Final case review was held in the Superior Court in November 2014, but a trial date was deferred pending defense counsel's notification to the court of the need for a hearing to determine Caraballo's competency to stand trial.  Thereafter, defense counsel notified the court by letter that Caraballo wished to terminate their attorney-client relationship.  On January 29, 2015, the

Superior Court denied counsel's letter request pending the filing of a formal motion to withdraw.

(2) Caraballo filed his petition for a writ of mandamus in this Court on January 22, 2015. Caraballo requests this Court to dismiss the charges against him because of inconsistencies in the witnesses' statements to the police. The State has moved to dismiss Caraballo's petition on the ground that this Court lacks original jurisdiction to order the requested relief.

(3) We agree. This Court has authority to issue a writ of mandamus only when the petitioner can demonstrate a clear right to the performance of a duty, no other adequate remedy is available, and the trial court arbitrarily failed or refused to perform its duty.[1] A writ of mandamus is inappropriate to challenge the legality of Caraballo's arrest and indictment, which are issues that are properly reviewable on appeal.[2]

NOW, THEREFORE, IT IS ORDERED that Caraballo's petition is hereby DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *In re Evans*, 2007 WL 2111090 (Del. July 24, 2007).