IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DEVIN COLEMAN | § | No. 111, 2015 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: March 11, 2015
Decided: April 6, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## **O R D E R**

This 6th day of April 2015, upon consideration of the petition of Devin Coleman for an extraordinary writ of mandamus, it appears to the Court that:

(1) The petitioner, Devin Coleman, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus compelling the Superior Court to review a motion for postconviction relief that he filed in September 2014. The State of Delaware has filed an answer and motion to dismiss Coleman's petition. After careful review, we find that Coleman's petition manifestly fails to invoke this Court's original jurisdiction. Accordingly, the petition must be dismissed.

(2) On June 17, 2014, Coleman pled guilty to five charges arising from two different indictments. Coleman was sentenced to fifteen years of Level V

incarceration, suspended after eight years for one year of Level III probation. This Court dismissed Coleman's untimely appeal of the Superior Court's judgment.[1]

(3) On September 8, 2014, Coleman filed his first motion for postconviction relief under Superior Court Criminal Rule 61. The Superior Court has not ruled on that motion. The Superior Court docket reflects that since September 2014 the Superior Court has decided two motions for correction of sentence and a petition for a writ of habeas corpus filed by Coleman. The Superior Court docket also reflects that Coleman filed a motion to amend his motion for postconviction relief and a motion for summary judgment on his motion for postconviction relief on March 2, 2015. Coleman filed another amended motion for postconviction relief to replace his September 2014 motion for postconviction relief on April 2, 2015.

(4) On March 6, 2015, Coleman filed a petition for a writ of mandamus in this Court. In the petition, Coleman asks this Court to order the Superior Court to review his September 2014 motion for postconviction relief within sixty days. A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[2] "[I]n the

---

[1] *Coleman v. State*, 2014 WL 4629376 (Del. Sept. 16, 2014).

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

2

absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5) The passage of six months, especially in light of the amended motions for postconviction relief that Coleman filed in March and April, does not constitute an arbitrary failure or refusal to act by the Superior Court.[4] Because Coleman has failed to show that he is entitled the issuance of a writ of mandamus, his petition must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[3] *Id.*

[4] *See, e.g.*, *In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25, 2007) (dismissing petition for writ of mandamus based on motion for modification of sentence that had been pending in Superior Court for five months).