IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF BRAD D. § No. 102, 2015
GREENSPAN FOR A WRIT OF §
MANDAMUS §

Submitted: March 23, 2015
Decided: April 13, 2015

Before **STRINE**, Chief Justice;  **HOLLAND**, and **VAUGHN**, Justices.

# **O R D E R**

This 13th day of April 2015, upon consideration of the petition of Brad Greenspan for a writ of mandamus, it appears to the Court that:

(1)    The petitioner, Brad Greenspan, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43.  He requests that this Court issue a writ of mandamus directing a Master of the Court of Chancery to: (i) grant his "Motion to Expedite Summary Judgment;" (ii) declare that he is immediately entitled to advancement of his legal fees; (iii) grant his "Motion Rule 54(b) or Rule 55(b);" (iv) grant his "Motion for Partial Summary Judgment;" (v) order a hearing on his "Motion 70b;" (vi) order an independent accounting of legal fees paid by defendants to the Master's former employer; (vii) transfer his case to Vice Chancellor Laster; (viii) disqualify the law firm of Richards Layton & Finger from appearing

his case; (ix) join certain people as codefendants; and (x) set a new hearing date on his "Motion to Expedite Summary Judgment."

(2) Defendants below, News Corporation and Intermix Media LLC, as well as defendants, Sony Entertainment, Inc., Sony Music Holdings, Inc., and 550 Digital Media Ventures, Inc., have filed motions seeking to dismiss Greenspan's writ of mandamus. After careful consideration of the parties' respective positions, we find that Greenspan's petition manifestly fails to invoke this Court's original jurisdiction to issue an extraordinary writ. Accordingly, his petition must be dismissed.

(3) A writ of mandamus is designed to compel a lower court to perform a duty if it is shown that: the complainant has a clear right to the performance of the duty; that no other adequate remedy is available; and that the trial court has arbitrarily failed or refused to perform its duty.[1] A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2] A writ of mandamus is not warranted under the present circumstances because the pending motions below are within the discretion of the Master in Chancery.[3] This Court will not compel the Court

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

[3] *Id.*

2

of Chancery to rule in Greenspan's favor on the substantive issues below. These are matters Greenspan may raise in any appeal from a final order issued by the Court of Chancery in the proceedings below.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of an extraordinary writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice