IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF DENNIS SHIPMAN § No. 164, 2016
FOR A WRIT OF MANDAMUS §

Submitted: April 21, 2016
Decided: May 2, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 2nd day of May 2016, upon consideration of Dennis Shipman's ("the Father") petition for a writ of mandamus, it appears to the Court that:

(1)    The Father seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering a Family Court judge to issue a reviewable order on the Father's petition for modification of custody, to recuse himself, or to order production of the child ("the Child") for visitation. We conclude that the Father's petition manifestly fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.

(2)    On November 25, 2014, this Court affirmed a July 2, 2014 Family Court order awarding sole custody of the Child of the Father and the mother ("the Mother") to the Mother and granting the Father visitation with the Child every other weekend.[1] According to the Father, the Mother has not complied with the

---

[1] *Stevens v. Brown*, 2014 WL 7010036 (Del. Nov. 25, 2014).

Family Court order. The Father claims that he is entitled a writ of mandamus because the Family Court has not adjudicated his filings, including a June 2015 omnibus motion, to obtain visitation, to modify the July 2, 2014 Family Court order, and to disqualify the Family Court judge who entered the July 2, 2014 order.

(3) The record reflects that the Father filed a petition for modification of custody on January 12, 2016. In a letter dated January 14, 2016, the Chief Judge of the Family Court responded to correspondence from the Father regarding his June 2015 omnibus motion. The Chief Judge informed Father that a judicial officer would review the June 2015 omnibus motion, which had been returned to the Father as deficient. The Chief Judge further stated that he did not have the authority to force the Family Court who entered the July 2, 2014 order to recuse himself.

(4) In a letter dated January 19, 2016, the Family Court judge who entered the July 2, 2014 order informed the Father and the Mother that the June 2015 omnibus motion was returned to the Father as deficient because there was no open petition. The Family Court judge noted, however, that a December 19, 2015 omnibus motion, which sought visitation and modification of the custody order as well as recusal of the Family Court judge, was attached to the Father's January 12, 2016 petition for modification of custody. In light of the pending petition, the Family Court judge stated that upon payment of the filing fee and service of the

2

petition, the Mother would have ten days to respond to the petition and December 19, 2015 omnibus motion. The Mother filed an answer on March 2, 2016.

(5)   A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Family Court has arbitrarily failed or refused to perform its duty.[2]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(6)   The Father has not shown that the Family Court arbitrarily failed or refused to perform a duty owed to him. It has been only two months since the Mother filed her answer to the Father's petition for modification of custody and December 19, 2015 omnibus motion. Because the Father has failed to show that he is entitled the issuance of a writ of mandamus, his petition must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*