IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF JOHN E. TROTTER § No. 545, 2017
FOR A WRIT OF MANDAMUS §

Submitted: December 20, 2017
Decided: January 16, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 16th day of January, 2018, upon consideration of John E. Trotter's petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) Trotter seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court to consider his *pro se* motion for leave to file an ineffective assistance of counsel claim. We conclude that Trotter's petition manifestly fails to invoke the original jurisdiction of this Court. The petition must therefore be dismissed.

(2) On October 3, 2017, Trotter pled guilty to Assault in the Second Degree in Criminal ID No. 1607007011 and Drug Dealing (Tier 4), Conspiracy in the Second Degree, and Possession of a Destructive Weapon in Criminal ID No. 1608012612. The Superior Court ordered a presentence investigation. Trotter has not yet been sentenced.

(3)     The docket in Criminal ID No. 1608012612 reflects that on December 8, 2017 the Superior Court referred, without reviewing, a document filed by Trotter to Trotter's counsel.  On December 18, 2017, Trotter filed a petition for a writ of mandamus in this Court.  Trotter seeks an order compelling the Superior Court to consider his *pro se* motion for leave to file an ineffective assistance of counsel claim.

(4)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the Superior Court has arbitrarily failed or refused to perform its duty.[1]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]  Trotter has failed to demonstrate that the Superior Court arbitrarily failed or refused to perform a duty to which he has a clear right.

(5)     Under Superior Court Criminal Rule 47, "[t]he court will not consider *pro se* applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense."  Trotter is represented by counsel in the Superior Court.  He does not contend that he was granted permission to participate with his counsel in the defense.  If Trotter

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*

wishes to withdraw his guilty plea, he can ask his counsel to file a motion to withdraw the guilty plea. There is no basis for issuance of a writ of mandamus here.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice