IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION     §
OF JAMARR CANNON FOR A WRIT       §   No. 114, 2018
OF MANDAMUS                       §

Submitted:  March 14, 2018
Decided:    March 16, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 16th day of March 2018, upon consideration of the petition of Jamarr Cannon for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Jamarr Cannon, was convicted on January 29, 2018 of multiple drug offenses following a bench trial. His sentencing is currently scheduled for March 28, 2018. He filed this petition seeking to invoke the original jurisdiction of this Court to issue a writ of mandamus directing the Superior Court to make additional findings related to its February 15, 2018 Order denying Cannon's motion for reconsideration of its denial of his suppression motion. The State has filed a motion to dismiss Cannon's petition on the ground that it manifestly fails to invoke this Court's original jurisdiction. We agree.

(2)     A writ of mandamus is designed to compel a trial court to perform a duty if it is shown that:  the complainant has a clear right to the performance of the duty; that no other adequate remedy is available; and that the trial court has

arbitrarily failed or refused to perform its duty.[1]  A writ of mandamus will not be issued "to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(3)     A writ of mandamus is not warranted under the present circumstances because Cannon cannot establish that the Superior Court has arbitrarily refused to perform a duty owed to him and that he has no other adequate remedy.  Once Cannon is sentenced, then he may appeal to this Court from the Superior Court's final judgment, which will bring up any interlocutory rulings for review, including the denial of his suppression motion.[3]  This Court has no jurisdiction to review an interlocutory order in a criminal case.[4]  Cannon cannot use the extraordinary writ process to overcome that constitutional hurdle.

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1]*In re Bordley,* 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

[3] *Middlebrook v. State*, 2000 WL 975060 (Del. May 30, 2000).

[4] DEL. CONST. art IV, § 11(1)(b).