IN THE SUPREME COURT OF THE STATE OF DELAWARE

| IN THE MATTER OF THE | § | |
|---|---|---|
| PETITION OF GEORGE K. | § | No. 190, 2018 |
| TRAMMELL, III FOR | § | |
| A WRIT OF MANDAMUS | § | |

Submitted: May 7, 2018
Decided: June 20, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 20th day of June 2018, upon consideration of George K. Trammell, III's petition for a writ of mandamus, it appears to the Court that:

(1)     Trammell seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus to the Attorney General and the Superior Court. We conclude that Trammell's petition manifestly fails to invoke the original jurisdiction of this Court. The petition must therefore be dismissed.

(2)     The petition arises from a monition action in the Superior Court. Trammell appears to argue that he is entitled to issuance of a writ of mandamus because he removed the Superior Court case to the United States Court for the District of Delaware. On December 1, 2017, the Delaware District Court found that Trammell, who is not a defendant or intervenor in the Superior Court action, lacked standing to remove the case and failed to comply with the requirements for removal.[1]

---

[1] *Dep't of Fin. of Sussex Cnty. v. Polk Heirs*, 2017 WL 5952871, at *2 (D. Del. Dec. 1, 2017).

The Delaware District Court summarily remanded the case to the Superior Court.[2] One June 6, 2018, the United States Court of Appeals for the Third Circuit dismissed Trammell's appeal for lack of jurisdiction.[3]

(3) The original jurisdiction of this Court to issue a writ of mandamus is limited "to the Superior Court, and the Court of Chancery, or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same."[4] A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[5] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[6]

(4) To the extent Trammell seeks issuance of a writ of mandamus against the Attorney General, this Court lacks jurisdiction to issue a writ of mandamus

---

[2] *Id.*

[3] *Dep't of Fin. of Sussex Cnty. v. Heirs*, 2018 WL 2727419 (3d Cir. June 6, 2018).

[4] Del. Const. Art. IV, § 11(5).

[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[6] *Id.*

directed to the Attorney General.[7]  To the extent Trammell seeks issuance of a writ of mandamus to the Superior Court, he has not shown the Superior Court arbitrarily refused to perform a duty owed to him.  The Delaware District Court summarily remanded the case to the Superior Court.  There is no basis for issuance of a writ of mandamus here.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[7] *See supra* n.4; *In re Goodlett*, 2005 WL 1950218, at *1 (Del. July 19, 2005) ("The Court is without jurisdiction to issue a writ of mandamus directed to the Public Defender, Attorney General, and the police.").