IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF SANDRA § No. 591, 2018
HARMON FOR A WRIT OF § 
MANDAMUS § 

Submitted: November 29, 2018
Decided: December 3 2018

Before **VALIHURA, SEITZ,** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of Sandra Harmon's petition for a writ of mandamus, Harmon's amended petition for a writ of mandamus, and the Superior Court record, it appears to the Court that:

(1)    Harmon seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering a Superior Court judge to dismiss an action pending in the Superior Court. We conclude that Harmon's petition manifestly fails to invoke the original jurisdiction of this Court.[1] The petition is therefore dismissed.

(2)    The petition arises from a monition action in the Superior Court. Harmon appears to argue that she is entitled to issuance of a writ of mandamus because the statutory conditions for a monition sale were not satisfied before her

---

[1] SUPR. CT. R. 29(c).

property was sold on June 19, 2018, and because the action was not commenced and prosecuted in accordance with the Superior Court's Rules of Civil Procedure.

(3) Harmon filed various objections to the monition sale both before and after the sale occurred. On August 20, 2018, the Superior Court entered a letter order setting a hearing on Harmon's objections for November 9, 2018. On November 7, 2018, following a teleconference with the parties, the Superior Court entered a letter order staying the proceedings in the Superior Court, pending resolution of certain related actions that were pending in the United States District Court for the District of Delaware.

(4) A writ of mandamus will issue only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[2] Absent "a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Id.*

(5) There is no basis for the issuance of a writ of mandamus in this case. Harmon has not shown that she has no other adequate remedy or that the Superior Court has arbitrarily failed or refused to perform its duty. To the contrary, the Superior Court informed Harmon of her right to object to the monition sale, set Harmon's objections for hearing and, after a teleconference with the parties, stayed the case pending resolution of related federal litigation filed by Harmon.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice