IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF JONATHAN JOHNSON FOR A WRIT OF MANDAMUS | § No. 557, 2019<br>§<br>§<br>§ |

Submitted: March 5, 2020
Decided: April 15, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

**<u>ORDER</u>**

After consideration of the petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1)    The petitioner, Jonathan Johnson, pleaded guilty in the Superior Court to drug-related criminal offenses and is currently litigating postconviction proceedings in that court. In connection with those postconviction proceedings, Johnson filed a petition for a writ of mandamus in the Superior Court, seeking an order requiring the prosecutor and Johnson's defense counsel to produce the "chain of custody" of certain "arrest notes" that were made by a police officer in connection with Johnson's arrest.

(2)    In this action, Johnson seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering the Superior Court (i) to review the petition for a writ of mandamus that he filed in that court; (ii) to award Johnson the chain of custody of the arrest notes or, if that relief

is not available, (iii) to "have the said arrest notes removed from evidence." Johnson also appears to seek a writ of mandamus compelling the prosecutor and defense counsel (iv) to respond to the petition for a writ of mandamus that he filed in the Superior Court and (v) to produce the chain of custody of the arrest notes. We conclude that the petition is without merit and must be dismissed.

(3)    A writ of mandamus is an extraordinary remedy that has "traditionally been used only to confine a trial court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."[1] This Court will issue a writ of mandamus to the Superior Court only if the petitioner can show:  (i) a clear right to the performance of a duty by the Superior Court; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[2] Moreover, "in the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(4)    There is no basis for the issuance of a writ of mandamus in this case. The Superior Court docket reflects that on March 3, 2020, the Superior Court granted the State's request for an extension of time to respond to the petition for a writ of

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988) (internal quotation omitted).
[2] *Id.*
[3] *Id.*

2

mandamus that Johnson filed in that court. The State's response was due on March 27, 2020, but the Superior Court's orders concerning COVID-19 precautionary measures have extended that deadline. Johnson therefore has not demonstrated that the Superior Court has failed or refused to act on his petition.

(5) Johnson's requests for an order compelling the Superior Court to require production of the information he seeks or to remove the arrest notes from evidence seek to challenge or reverse the effect of the Superior Court's ruling on Johnson's motion to suppress. This Court will not issue a writ of mandamus to require a trial court to decide a matter in a particular way, nor may a defendant use a writ of mandamus as a substitute for the appellate process.[4]

(6) Finally, Johnson's request for a writ of mandamus directed to the prosecutor and defense counsel also must be denied. "The Court's jurisdiction to issue a writ of mandamus is limited to instances when the respondent is a trial court or a judge thereof."[5] The prosecutor and defense counsel are not judicial officers.[6]

---

[4] *In re Reeder*, 2006 WL 2852500 (Del. Oct. 4, 2006). *See also In re Shockley*, 2005 WL 2475731 (Del. Aug. 16, 2005) (denying mandamus petition because postconviction proceedings and potential appeal from those proceedings provided an adequate remedy at law).
[5] *Shockley*, 2005 WL 2475731, at *2 (internal quotation omitted).
[6] *Id.*

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice