IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF YOSIAM MONTES- § No. 89, 2020
GALINDEZ FOR A WRIT OF §
MANDAMUS §

Submitted: April 13, 2020
Decided: May 11, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Yosiam Montes-Galindez, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to rule on his motion for postconviction relief under Superior Court Criminal Rule 61. We conclude that the petition is without merit and must therefore be dismissed.

(2) In March 2019, Montes-Galindez pled guilty to drug dealing in a Tier 2 quantity in Criminal ID No. 1810000846.[1] The Superior Court sentenced Montes-Galindez, effective October 2, 2018, to fifteen years of Level V imprisonment, suspended after twenty-two months for decreasing levels of supervision. Montes-Galindez did not file a direct appeal, but did file a motion for postconviction relief.

---

[1] The Court has taken judicial notice of this case.

(3)     In his petition for a writ of mandamus, Montes-Galindez alleges that the Superior Court has not taken any action on his motion for postconviction relief since he filed the motion on November 13, 2019.  He asks this Court to issue a writ of mandamus directing the Superior Court to rule on his motion within fifteen days of this Order.  The State has moved to dismiss the petition, noting that the Superior Court issued a briefing schedule on February 5, 2020.

(4)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5)     There is no basis for the issuance of a writ of mandamus in this case because Monte-Galindez has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him.  A review of the Superior Court docket reflects that the Superior Court received Montes-Galindez's motion for postconviction relief on November 25, 2019, the motion was referred to a

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*

2

Commissioner on December 6, 2019, and the Commissioner issued a schedule for resolution of the motion on February 6, 2020. Under the schedule, Montes-Galindez's counsel is required to file an affidavit in response to the motion, the State will have the opportunity to respond to the motion and, if the State responds, Montes-Galindez will have the opportunity to file a reply. This Court will not dictate how the Superior Court controls its docket.[4]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] *Id.*