IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE          §
PETITION OF WILLIAM WEBB      § No. 35, 2021
FOR A WRIT OF MANDAMUS        §

Submitted: February 18, 2021
Decided:    March 11, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, William Webb, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus directing the Superior Court to rule on his pending motions.  The State of Delaware has filed an answer and motion to dismiss Webb's petition. After careful review, we conclude that the petition must be dismissed.

(2)    Webb currently has five pending criminal cases in the Superior Court. The charges include second-degree robbery, stalking, harassment, and noncompliance with bond.  In June 2019, a Superior Court grand jury indicted Webb in Criminal ID Nos. 1902006825, 1902015015, 1904001943, and 1906000296.

(3)    In February 2020, Webb filed a motion to disqualify his trial counsel. In March 2020, Webb's trial counsel filed a motion to withdraw.  On May 4, 2020,

the Superior Court continued Webb's final case review because of the judicial emergency declared in response to the COVID-19 pandemic.

(4)     Webb moved to dismiss the indictment. In July 2020, a Superior Court grand jury indicted Webb in Criminal ID No. 2003006008 for misuse of mail and harassment. The grand jury also reindicted Webb in Criminal ID Nos. 1902006825, 1902015015, 1904001943, and 1906000296.

(5)     At a hearing on July 30, 2020, the Superior Court granted trial counsel's motion to withdraw and denied Webb's motions to disqualify his counsel and to dismiss the indictments. In August 2020, Webb filed a notice objecting to the grand jury's reindictment. On September 17, 2020, the Superior Court held a case review and set Webb's pending matters for a final case review. Between September 17, 2020 and January 6, 2021, Webb filed motions in all of his criminal cases to obtain transcripts, compel access to the prison's internet and law library, compel discovery, suppress evidence, sever his charges, and dismiss the indictments.

(6)     On February 1, 2021, Webb filed a petition for a writ of mandamus in this Court. He asks this Court to issue a writ of mandamus directing the Superior Court to rule on all of his pending motions. He also argues that the grand jury could not have indicted or reindicted him in July 2020 because the courthouses were closed.

(7)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[1]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(8)     There is no basis for the issuance of a writ of mandamus in this case. As a result of the COVID-19 pandemic, State courts have been under a judicial emergency since March 16, 2020.  The judicial emergency includes the reduction of courthouse staffing, the suspension of jury trials, and the tolling of the Speedy Trial Guidelines.[3]  In light of the present circumstances and the quantity of motions filed by Webb, we cannot find that Superior Court has arbitrarily failed or refused to perform a duty owed to Webb by not yet ruling on his motions.[4]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[2] *Id.*

[3] *See, e.g.,* Administrative Order No. 17 (Mar. 3, 2021) (extending judicial emergency), https://courts.delaware.gov/rules/pdf/COVIDOrder17.pdf; Administrative Order No. 13 (Nov. 16, 2020) (returning to Phase 2 of the reopening plan), https://courts.delaware.gov/rules/pdf/COVIDOrder13.pdf; Order (Mar. 13, 2020) (declaring judicial emergency effective March 16, 2020 and tolling time requirements under the Speedy Trial Guidelines), https://courts.delaware.gov/forms/download.aspx?id=120328.

[4] *See, e.g., In re Campusano-Tejeda*, 2020 WL 3886901, at *2 (Del. July 9, 2020) (finding that passage of less than four months since the completion of briefing on the petitioner's postconviction motion did not constitute undue delay or arbitrary refusal by the Superior Court given COVID-19 and the petitioner's multiple motions); *In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25,

(9)     As to Webb's claim concerning the impossibility of grand jury proceedings in July 2020, he is mistaken.  Grand jury proceedings were eligible to resume on June 15, 2020.[5]  Webb's petition for a writ of mandamus must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

2007) (finding no arbitrary refusal to act by the Superior Court where motion for credit time had been pending for five months).

[5] Administrative Order No. 7 § (2)(B)(iii) (June 5, 2020) (providing that Phase 2 of the reopening plan, which included grand jury proceedings, would commence on June 15, 2020), https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf.