IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF JOSHUA MCGRIFF | § | No. 319, 2021 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: October 27, 2021
Decided: December 7, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

After careful consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Joshua McGriff, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to act on two motions that McGriff filed in that court in connection with criminal charges then-pending against him. The State has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2) In August 2020, a Superior Court grand jury charged McGriff by indictment with several violent felonies, including attempted rape, kidnapping, and third-degree assault. McGriff qualified for the assistance of the Office of Defense Services, and an assistant public defender was appointed to represent him. On December 18, 2020, McGriff filed a motion to disqualify counsel, and, on March 22,

2021, McGriff filed a motion to participate with counsel (together, "the motions").

On October 29, 2021, the Superior Court held a hearing on the motions. At the conclusion of the hearing, the court denied the motions as moot and ordered that McGriff would participate with counsel and counsel would, consistent with her ethical obligations, act as his defense counsel.[1]

(3) A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(4) There is no basis for the issuance of a writ of mandamus in this case. The Superior Court held a hearing on the motions on October 29, 2021. The Superior Court therefore has not arbitrarily failed or refused to perform its duty. To the extent that McGriff's petition is not now moot, it appears that it seeks to dictate control of

---

[1] The Superior Court docket reflects that McGriff went to trial in the third week of November 2021. After the jury returned a guilty verdict on some of the charges, the defense moved for a directed verdict on the kidnapping charge. This motion remains pending.
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*

the Superior Court's docket. The petition for a writ of mandamus must therefore be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*Tamika R. Montgomery-Reeves*
Justice

3