IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § No. 107, 2022
PETITION OF ISAIAS R. ORTIZ §
FOR A WRIT OF MANDAMUS §

Submitted: April 20, 2022
Decided: May 25, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Isaias R. Ortiz, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus to the Superior Court.  The precise relief that Ortiz seeks is unclear, but it appears that he wants this Court to order the Superior Court to decide a motion for correction of an illegal sentence without awaiting the State's submission of additional information regarding a prior, out-of-state conviction.  The State of Delaware has filed an answer and motion to dismiss the petition.  After careful review, we conclude that the petition is without merit and must be dismissed.

(2)     In 2003, a Superior Court jury found Ortiz guilty of several felony drug offenses.  The Superior Court sentenced Ortiz to fifty-five years of imprisonment,

followed by decreasing levels of supervision. This Court affirmed on direct appeal[1] and has affirmed the Superior Court's denial of several motions for postconviction relief.[2] Ortiz has also filed several motions challenging or seeking modification of his sentence, which the Superior Court has denied.

(3) On May 19, 2021, Ortiz filed a second motion to correct an illegal sentence. The Superior Court granted the motion to the extent that Ortiz claimed that he was eligible for good-time credits for portions of his sentence that exceeded the statutory minimum mandatory sentence. The court denied other aspects of the motion. Ortiz also argued that he should not be subject to a minimum mandatory sentence as a subsequent offender for his conviction for possession with intent to deliver because his prior conviction, in New York, was a misdemeanor and not a felony. As to that argument, the Superior Court granted the State's request for additional time to obtain a certified copy of that conviction from New York and submit an amended response. The court later gave the State a further extension, setting a deadline of June 23, 2022, and noting that the court would not give the State any additional extensions.

---

[1] *Ortiz v. State*, 2004 WL 2741185 (Del. Nov. 16, 2004).
[2] *Ortiz v. State*, 2021 WL 1310668 (Del. Apr. 7, 2021); *Ortiz v. State*, 2015 WL 4066011 (Del. June 30, 2015); *Ortiz v. State*, 2012 WL 4377782 (Del. Sept. 25, 2012); *Ortiz v. State*, 2007 WL 188173 (Del. Jan. 25, 2007).

(4) On March 28, 2022, Ortiz filed a petition for a writ of mandamus. In the petition, Ortiz claims that he has been prejudiced by the State's receipt of additional time to obtain the records relating to his New York conviction. He appears to be seeking an order from this Court directing the Superior Court to decide the remaining issue in the motion for correction of an illegal sentence without awaiting the State's submission of additional information regarding the New York conviction.

(5) A writ of mandamus will issue only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(6) There is no basis for the issuance of a writ of mandamus in this case. It appears that Ortiz is attempting to obtain a writ of mandamus to dictate the control of the Superior Court's docket or to compel the Superior Court to decide the pending motion in his favor. The Superior Court has acted within its discretion in granting

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

the State's requests for additional time to obtain out-of-state court records, and thus Ortiz has not shown that the Superior Court has failed to act.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.


BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice