IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF KENNETH | § No. 374, 2022 |
| DEPUTY FOR A WRIT OF | § |
| MANDAMUS | § |

Submitted: October 26, 2022
Decided: December 6, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus, the State's answer and motion to dismiss, and the request for leave to file a reply to the answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, Kenneth Deputy, seeks to invoke the original jurisdiction of this Court and requests that we issue a writ of mandamus under Supreme Court Rule 43 directing the Superior Court to hear his motion to dismiss counsel and to appoint new counsel. We conclude that the petition is without merit and must therefore be dismissed.

(2)    In August 2022 a grand jury charged Deputy with first-degree kidnapping and other crimes.[1] At the request of Deputy's appointed counsel from the Office of Defense Services, the Superior Court conducted a pro se colloquy with Deputy on September 22, 2022. Deputy stated that he did not want to proceed pro

---

[1] The Court has taken judicial notice of the docket in Cr. ID No. 2203006017.

se, but wanted to present his motion to dismiss counsel and to appoint new counsel. The Superior Court advised Deputy that counsel from the Office of Defense Service would continue to represent him unless he obtained private counsel. The Superior Court has forwarded Deputy's subsequent pro se filings to his counsel under Superior Court Criminal Rule 47.

(3)     In his petition for a writ of mandamus, Deputy asks this Court to direct the Superior Court to consider his motion to dismiss counsel and to appoint new counsel.

(4)     A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5)     There is no basis for the issuance of a writ of mandamus in this case. Deputy does not have a right to the appointment of counsel of his choice.[4]   In

_____

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*
[4] *See, e.g., In re Edwards*, 2007 WL 44049, at *1 (Del. Jan. 8, 2007) (holding there was no basis for mandamus relief where the petitioner sought removal of his counsel and appointment of new counsel); *In re Brown*, 2000 WL 1508611, at *1 (Del. Sept. 11, 2000) (denying the petitioner's request for an order compelling the Superior Court to dismiss his current counsel and appoint new

2

addition, Deputy has adequate remedies available to him. If convicted, Deputy can advance his claim that the Superior Court should have considered his pro se motions on direct appeal.[5] Similarly, if convicted, Deputy may challenge his counsel's representation in postconviction proceedings.[6] Deputy's petition for a writ of mandamus must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

counsel); *In re Deputy*, 1998 WL 171077, at *1 (Del. Mar. 20, 1998) (recognizing that an indigent person has a right to appointed counsel, but not a right to counsel of his choice).
[5] *In re Shackelford*, 2022 WL 321139, at *1 (Del. Feb. 2, 2022).
[6] *Id.*