IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE        §
PETITION OF STEVIE JONES     § No. 228, 2023
FOR A WRIT OF MANDAMUS      §

Submitted: August 1, 2023
Decided:   August 29, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The petitioner, Stevie Jones, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus. The State of Delaware has filed an answer and motion to dismiss Jones's petition. We conclude that the petition must be dismissed.

(2)    On November 17, 2022, Jones filed a petition for a writ of mandamus in the Superior Court.[1] He is incarcerated and sought credit for time he had served between August 2007 and February 2008. He also sought credit for time he had served for a Maryland sentence between January 2010 and February 2020. Upon initial review of the petition, the Superior Court ordered the issuance of service of process. The court also granted Jones's motion to proceed *in forma pauperis*. On

---

[1] We take judicial notice of the docket in *Jones v. May*, C.A. No. N22M-11-089.

December 27, 2022, a sheriff's return was filed for service of process upon Warden Robert May on December 22, 2022.

(3) On March 23, 2023, Jones filed another petition for a writ of mandamus in the Superior Court.[2] He sought credit for time he had served between August 2007 and January 2008. He also sought credit for time he had served for a Maryland sentence between February 2008 and February 2020. On March 24, 2023, the Superior Court dismissed the petition because it was virtually identical to the previously-filed petition, except that it named Commissioner Monroe Hudson in addition to Warden Robert May as a respondent. The Superior Court noted that if Jones wished to include Commissioner Hudson as a party to the first petition, then he should move to amend that petition to include him as a party.

(4) On April 12, 2023, Jones filed a motion for leave to file an amended petition for a writ of mandamus in C.A. No. N22M-11-089. On May 10, 2023, Jones filed a request for the docket in C.A. No. N22M-11-089. On May 24, 2023, he filed a letter inquiring about the lack of response to his motion for leave to amend and request for a docket.

(5) On June 23, 2023, Jones filed a petition for a writ of mandamus in this Court. He seeks a writ of mandamus directing the Superior Court to: (i) docket a petition for a writ of mandamus he unsuccessfully tried to file in July 2022 and re-

---

[2] We take judicial notice of the docket in *Jones v. Hudson*, C.A. No. S23M-03-034.

2

filed in March 2023 as well as his motion for leave to amend that petition; and (ii) review the petition.

(6) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[3] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(7) There is no basis for the issuance of a writ of mandamus in this case. The docket for C.A. No. N22M-11-089 reflects that the Superior Court docketed the petition for a writ of mandamus Jones filed in November 2022, the return of service of process for that petition on December 2022, and the motion for leave to amend Jones filed in May 2023. On August 17, 2023, the Superior Court informed Jones that his motion to amend had been granted and directed the State to respond to Jones's petition for a writ of mandamus. The Superior Court has not arbitrarily failed

---

[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

3

or refused to perform a duty owed to Jones.[5]  Jones's petition for a writ of mandamus must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *See, e.g., In re Coleman,* 2015 WL 1565771, at *1 (Del. Apr. 6, 2015) (dismissing petition for writ of mandamus based on motion for postconviction relief that had been pending for six months); *In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25, 2007) (finding no arbitrary refusal to act by the Superior Court where motion for credit time had been pending for five months).