IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DEVEARL BACON | § | No. 392, 2025 |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted: October 20, 2025
Decided: January 15, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Devearl Bacon, asks this Court to issue a writ of mandamus under Supreme Court Rule 43 directing the Superior Court to: (i) rule on his request for an evidentiary hearing under *Franks v. Delaware*;[1] (ii) investigate body camera and surveillance video footage that, he alleges, law enforcement officers altered; (iii) review his motion to dismiss; and (iv) set a trial date.

(2)     The record reflects that Bacon has four sets of criminal charges pending in the Superior Court.  After this petition was filed, the Superior Court issued a scheduling order in all four cases on December 10, 2025.  The scheduling order

---

[1] 438 U.S. 154 (1978).

established dates for oral argument on Bacon's pending motions, final case review, a pre-trial conference, jury selection, and trial.

(3)     The original jurisdiction of this Court to issue a writ of mandamus is limited "to the Superior Court, and the Court of Chancery, or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same."[2]  A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[3]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[4]

(4)     There is no basis for the issuance of a writ of mandamus here.  As noted above, the Court will not dictate how the Superior Court controls its docket. Moreover, the relief Bacon seeks in his petition for a writ of mandamus has been mooted by the entry of the Superior Court's December 10 scheduling order.

---

[2] Del. Const. art. IV, § 11(5).
[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[4] *Id.*

2

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice