IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF STEPHEN M. | § | No. 400, 2025 |
| WHEELER FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: November 18, 2025
Decided: January 27, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)  The petitioner, Stephen Wheeler, asks this Court to issue a writ of mandamus under Supreme Court Rule 43 directing the Superior Court to vacate his convictions because he was, he claims, deprived of his constitutional right to a jury trial. The State, as the real party in interest, has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2)  The original jurisdiction of this Court to issue a writ of mandamus is limited "to the Superior Court, and the Court of Chancery; or any of the Judges of the courts and also to any inferior court or courts established or to be established by law, and to any of the Judges thereof and to issue all orders, rules and processes

proper to give effect to the same."[1]  A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(3)     There is no basis for the issuance of a writ of mandamus here.  Not only did Wheeler have an adequate remedy in the form of a direct appeal, he exercised it.  Wheeler appealed his convictions and sentence, and this Court affirmed.[4]  Moreover, as the State observes, Wheeler's argument that his waiver of his right to a jury trial was not knowingly, voluntarily, or intelligently made has been considered and rejected by the trial court and this Court.[5]

---

[1] Del. Const. art. IV, § 11(e).

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Id.*

[4] *Wheeler v. State*, 2019 WL 1579600 (Del. Apr. 11, 2019).

[5] *State v. Wheeler*, 2022 WL 2134686, at *1 (Del. Super. Ct. June 14, 2022) (finding that Wheeler's colloquy with the trial court wherein he waived his right to a jury trial was "thorough, appropriate, and more than adequate to establish that the waiver of jury trial was knowing, intelligent and voluntary, and over[came] other deficiencies"), *aff'd*, 296 A.3d 363 (Del. 2023).

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice