IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF FRANK RENDE | § | No. 445, 2025 |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted:  January 23, 2026
Decided:     April 2, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus, the supplements thereto, and the answer and motion to dismiss, it appears to the Court that:

(1)     Frank Rende, petitions this Court, under Supreme Court Rule 43, to issue a writ of mandamus to the Court of Chancery.  Rende "seeks relief from a judgment alleged to be void as a matter of law due to jurisdictional defects and post-adjudication substitution of accounts."  We find that Rende's petition fails to invoke the original jurisdiction of this Court and must therefore be dismissed.

(2)     Rende's petition and the supplements thereto relate to a Court of Chancery action, *Rende v. Rende*, C.A. No. 2021-0734.  There, Debra Rende and Paula Lombard petitioned the court to remove Rende from his position as co-trustee and co-agent of the June E. Rende Revocable Trust U/D/T dated June 10, 2015, and for an accounting and related relief.  The Court of Chancery issued a final order in the case on April 11, 2025.

(3)     Although the purpose of Rende's filings is difficult to discern, Rende appears to be attempting to relitigate issues that were, or could have been, argued below or on appeal.  In the respondents' answer and motion to dismiss, they note that Rende did not file a timely notice of appeal from the Court of Chancery's final order.

(4)     A writ of mandamus will issue to a trial court only if the petitioner can show that: (i) he has a clear right to the performance of a duty; (ii) no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform its duty.[1]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]  Relevant here, "a petition for a writ of mandamus may not be used as a substitute for an appeal."[3]

(5)     There is no basis for the issuance of a writ of mandamus here.  The proper time and place for the submission of the documents that Rende claims undermine the Court of Chancery's decision was during the pendency of the underlying litigation in that court.  We note that the record reflects that during the

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014).

course of that litigation, the Court of Chancery carefully considered Rende's voluminous filings, many of which were frivolous or procedurally improper.

NOW, THEREFORE, IT IS HEREBY ORDERED that the respondents' motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

3