IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF STEPHON G. | § | No. 463, 2025 |
| NEAL/ZION RA'EL AMARU FOR | § | |
| A WRIT OF MANDAMUS | § | |

Submitted: January 21, 2026
Decided: April 14, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the response to the notice to show cause, it appears to the Court that:

(1) The petitioner, Stephon G. Neal/Zion Ra'El Amaru, trustee of the Crowned Champion Sovereign Trust (the "Trust), seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Court of Chancery to accept his filings for equitable recognition of the Trust. After careful review, we conclude that the petition must be dismissed.

(2) In November 2025, Neal submitted documents to the Court of Chancery for equitable recognition of the Trust. The cover letter and complaint/petition for recognition stated that there was no adverse party. Neal alleges that a Court of Chancery clerk refused to accept the documents, stating that the court only accepted complaints against another party.

(3) Neal then filed a petition for a writ of mandamus in this Court. He seeks a writ of mandamus directing the Court of Chancery to accept his filings for equitable recognition of the Trust. The Senior Court Clerk issued a notice directing Neal to show cause why the petition should not be dismissed for his failure to state a basis for issuance of a writ of mandamus. In his response, Neal states that the Court of Chancery was required to accept his non-adversarial documents for equitable recognition of the Trust.

(4) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(5) There is no basis for issuance of a writ of mandamus here. Although Neal is correct that the Court of Chancery has jurisdiction over trusts,[3] he fails to identify any authority supporting his belief that the Court of Chancery is required to

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*
[3] *See, e.g.,* 12 *Del. C.* § 3804(g) ("The Court of Chancery shall have jurisdiction over statutory trusts to the same extent as it has jurisdiction over common law trusts formed under the laws of the State.").

accept non-adversarial filings for "equitable recognition" of trusts.[4] Neal has not shown that the Court of Chancery arbitrarily failed or refused to perform a duty owed to him.

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[4] Petition at 2.