IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF MICHAEL RIVERA | § | No. 394, 2020 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: November 24, 2020
Decided: December 16, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

After consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Michael Rivera, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus directing the Superior Court to hold an evidentiary hearing on his pending motions and rule on those motions. We conclude that the petition is without merit and must therefore be dismissed.

(2) After Rivera's arrest in June 2019, a New Castle County grand jury indicted him for first-degree kidnapping and other charges in September 2019. In November 2019, the Superior Court granted Rivera's second motion for reduction of bail and reduced his bail from $200,000 to $98,000. Trial was scheduled for March 24, 2020. In February 2020, Rivera waived his right to counsel and rejected a plea offer. On March 17, 2020, the Superior Court continued the trial in light of the COVID-19 pandemic.

(3) Between July 21, 2020 and September 28, 2020, Rivera filed multiple motions, including a motion to suppress, a motion to dismiss, and a motion for bail reduction.[1] He contends that he also filed a speedy trial motion, which the Superior Court did not docket. The State responded to some of the motions in September and November. In his petition for a writ of mandamus in this Court, Rivera requests a writ of mandamus directing the Superior Court to hold an evidentiary hearing on his motions and to rule on his motions. Rivera argues that the Superior Court's failure to rule on his motions is a violation of his speedy trial rights. The State has moved to dismiss the petition.

(4) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

---

[1] Rivera also filed a petition for a writ of habeas corpus, which the Superior Court denied on September 8, 2020. Rivera's appeal of that order is pending in this Court.
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*

(5)	There is no basis for the issuance of a writ of mandamus in this case because Rivera has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him.  The Superior Court already reduced Rivera's bail once. In addition, the Superior Court docket reflects that a hearing on River's motion to suppress was held on December 7, 2020.

(6)	As to Rivera's other motions and invocation of his speedy trial rights, the Delaware courts have been under a judicial emergency due to the COVID-19 pandemic since March 16, 2020.  The judicial emergency includes the reduction of courthouse staffing, the suspension of jury trials, and the tolling of the Speedy Trial Guidelines.[4]  In light of the present circumstances and the Superior Court's efforts to address some of Rivera's multiple motions, we cannot find an undue delay or an arbitrary refusal to act by the Superior Court.[5]  Rivera's petition for a writ of mandamus must therefore be dismissed.

---

[4] *See, e.g.,* Administrative Order No. 14 (Dec. 2, 2020) (extending judicial emergency), available at https://courts.delaware.gov/rules/pdf/COVIDOrder14.pdf; Administrative Order No. 13 (Nov. 16, 2020) (returning to Phase 2 of the reopening plan), available at https://courts.delaware.gov/rules/pdf/COVIDOrder13.pdf.

[5] *See, e.g., In re Campusano-Tejeda*, 2020 WL 3886901, at *2 (Del. July 9, 2020) (finding that passage of less than four months since the completion of briefing on the petitioner's postconviction motion did not constitute undue delay or arbitrary refusal by the Superior Court given COVID-19 and the petitioner's multiple motions); *In re Johnson*, 2007 WL 3121509, at *1 (Del. Oct. 25, 2007) (finding no arbitrary refusal to act by the Superior Court where motion for credit time had been pending for five months).

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is

GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice