IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §   No. 15, 2021
PETITION OF MAURICE §
COOPER FOR A WRIT OF §
MANDAMUS §

Submitted: January 21, 2021
Decided: February 26, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1) The petitioner, Maurice Cooper, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus requiring the Superior Court to decide a motion that Cooper filed in that court. The State of Delaware has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition must be dismissed.

(2) Cooper commenced an action in the Superior Court seeking return of property that was seized during a criminal investigation. Trial was scheduled to begin in June 2020, but on May 18, 2020, the Superior Court postponed the pretrial conference and the trial because of the COVID-19 pandemic.

(3) On September 28, 2020, Cooper filed a "Motion Pursuant to Superior Court Civil Rule 15(c) Under Relating Back and Superior Court Civil Rule 50

Motion for Judgment as a Matter of Law" (the "Motion for Judgment"). On October 19, 2020, the State responded to the Motion for Judgment, and Cooper replied on November 1, 2020. On December 14, 2020, the Superior Court denied the Motion for Judgment.

(4) On January 13, 2021, Cooper filed a petition for a writ of mandamus in this Court. In the petition, Cooper seeks an order requiring the Superior Court to decide the Motion for Judgment.

(5) A writ of mandamus will issue only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

(6) There is no basis for the issuance of a writ of mandamus in this case. The Superior Court decided the Motion for Judgment on December 14, 2020. Although Cooper disagrees with the disposition of that motion, the Superior Court

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*

has not failed or refused to act.  Cooper's request for an order directing the Superior Court to decide the Motion for Judgment is therefore without merit as well as moot.[3]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[3] *In re Rhoades*, 2006 WL 1375082 (Del. May 18, 2006).