IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § No. 441, 2020
PETITION OF QUENTIN JONES §
FOR A WRIT OF MANDAMUS §

Submitted: January 14, 2021
Decided: March 2, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

After consideration of the petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1)     The petitioner, Quentin Jones, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus requiring the Superior Court to take action on certain motions that Jones filed in that court. The State of Delaware has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2)     In 2016, a jury found Jones guilty of first-degree unlawful sexual contact and two counts of first-degree rape. The Superior Court sentenced Jones as a habitual offender to a life sentence for each of the counts of first-degree rape and to a suspended eight-year sentence for first-degree unlawful sexual contact. At the

conclusion of postconviction proceedings, the Superior Court vacated Jones's convictions and ordered a new trial.[1]

(3) On July 14, 2020, Jones pleaded no contest to two counts of the lesser-included offense of fourth-degree rape.[2] Approximately two weeks later, Jones moved to withdraw his no-contest pleas. The Superior Court denied the motion and ordered sentencing to occur in due course.[3] On November 16, 2020, Jones filed a second motion to withdraw his plea. On November 25, 2020, his counsel moved to withdraw. On November 30, 2020, Jones moved for appointment of new counsel; on December 14, 2020, he filed a motion to disqualify counsel and moved to compel the State and his counsel to answer his second motion to withdraw his plea. Two days later, he filed yet another motion to withdraw his plea.

(4) On January 15, 2021, the Superior Court held a conference to address the pending motions. Following that hearing, the court appointed new counsel for Jones and ordered that Jones would have until March 25, 2021, to file any additional applications.

(5) On December 29, 2020, Jones filed a petition for a writ of mandamus. In the petition, Jones seeks a writ of mandamus requiring the Superior Court to

---

[1] *State v. Jones*, 2019 WL 6726837 (Del. Super. Ct. Dec. 11, 2019).
[2] *State v. Jones*, 2020 WL 5530332 (Del. Super. Ct. Sept. 11, 2020).
[3] *Id.*

2

"acknowledge receipt of his motion," issue a briefing schedule, and issue a final order either granting or denying his motion to withdraw his plea.

(6) A writ of mandamus will issue only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[4] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[5]

(7) There is no basis for the issuance of a writ of mandamus in this case. The Superior Court held a conference concerning Jones's motions on January 15, 2021, after which it appointed new counsel for Jones and set a deadline for any additional filings on Jones's behalf. The Superior Court therefore has not unduly delayed or arbitrarily refused to act. To the extent that Jones's petition is not now moot, it appears that it seeks to dictate control of the Superior Court's docket. The petition for a writ of mandamus must therefore be dismissed.

---

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[5] *Id.*

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.


BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice