IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF ANTONIO HUGHES FOR A WRIT OF MANDAMUS | § No. 45, 2021<br>§<br>§<br>§ |

Submitted: March 2, 2021
Decided: March 10, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1)    The petitioner, Antonio Hughes, is awaiting a criminal trial in the Superior Court.  The Office of the Public Defender represents him in those proceedings.  In this action, Hughes seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus ordering his counsel to provide Hughes with a copy of the "full discovery" in his case and to pay the costs of producing the discovery.  We conclude that the petition is without merit and must be dismissed.

(2)    On February 3, 2021, Hughes filed in the Superior Court a *pro se* motion to compel his counsel to provide him with a copy of the discovery in his case. The court rejected the motion because Hughes was represented by counsel and the court had not granted him permission to participate with counsel in the defense.

Hughes also wrote letters to various members and staff of the court requesting that they cause his counsel to provide him with a copy of his discovery. On February 17, 2021, Hughes filed in this Court a petition for a writ of mandamus seeking similar relief.

(3)   A writ of mandamus is an extraordinary remedy that has "traditionally been used only to confine a trial court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."[1] "The Court's jurisdiction to issue a writ of mandamus is limited to instances when the respondent is a trial court or a judge thereof."[2] Because Hughes's defense counsel is not a judicial officer, his request for a writ of mandamus directed to his counsel must be denied.[3]

(4)   To the extent that Hughes requests an order directing the Superior Court to cause his defense counsel to provide him with a copy of his discovery, that request also must be denied. This Court will not issue a writ of mandamus to require a trial court to decide a matter in a particular way, nor may a defendant use a writ of

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988) (internal quotation omitted).
[2] *In re Shockley*, 2005 WL 2475731, at *2 (Del. Aug. 16, 2005) (internal quotation omitted).
[3] *In re Johnson*, 2020 WL 1881069 (Del. Apr. 15, 2020).

mandamus as a substitute for the appellate process[4] or to obtain review of an interlocutory order.[5]

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Id.*; *In re Reeder*, 2006 WL 2852500 (Del. Oct. 4, 2006). *See also Shockley*, 2005 WL 2475731 (denying mandamus petition because postconviction proceedings and potential appeal from those proceedings provided an adequate remedy at law).

[5] *Shockley*, 2005 WL 2475731, at *2; *In re Harris*, 2020 WL 1672907, at *1 (Del. Apr. 3, 2020). *See also id.* ("In addition, Harris has an adequate remedy at law. If the Superior Court denies Harris's motion for postconviction relief, he may appeal to this Court for a review of that final judgment, which will bring up any interlocutory rulings (such as the denial of his motions to compel) for review as well. A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for a properly filed appeal." (citation omitted)).