IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF CEDRIC D. | § | No. 369, 2021 |
| SHACKELFORD FOR A WRIT OF | § | |
| MANDAMUS | § | |

Submitted: November 29, 2021
Decided: February 2, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, Cedric Shackelford, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to investigate his attorney's professional performance and to rule on two motions that Shackelford filed in that court in connection with a criminal case currently pending against him.  The State has filed an answer and motion to dismiss the petition.  After careful review, we conclude that the petition is without merit and must be dismissed.

(2)    Shackelford was arrested for various crimes arising out of an August 15, 2019 armed robbery.  Shackelford qualified for the assistance of the Office of Defense Services, and an assistant public defender was appointed to represent him. Although he was represented by counsel, Shackelford filed various pro se motions

with the Superior Court, including a motion to disqualify counsel in which he complained about the responsiveness and strategic decisions of his court-appointed attorney and requested the appointment of a new attorney. The Superior Court declined to take any action on the motion, noted that Shackelford does not have a constitutional right to the court-appointed attorney of his choosing, and forwarded the motion to defense counsel. Later, Shackelford filed a motion to participate with counsel, which the Superior Court likewise forwarded to defense counsel. Notably, Superior Court Criminal Rule 47 provides, in part, that the Superior Court "will not consider pro se applications made by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense."[1]

(3) A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

---

[1] Del. Super. Ct. Crim. R. 47.
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*

(4)    There is no basis for the issuance of a writ of mandamus under the circumstances presented here because Shackelford has other adequate remedies available to him.  If convicted, Shackelford may advance his claim that the Superior Court should have ruled on his pro se motions on direct appeal.[4]  Similarly, if convicted, Shackelford may challenge his counsel's professional performance in postconviction proceedings.[5]  In the alternative, if Shackelford wishes to proceed *pro se*, he may petition the court to do that.  But a petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] *In re Safford*, 2005 WL 1654016, at *1 (Del. July 1, 2005).
[5] *See generally Green v. State*, 238 A.3d 160, 175 (Del. 2020).
[6] *In re Safford*, 2005 WL 1654016, at *1.