IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF JAMES BIGGINS § No. 187, 2022
FOR A WRIT OF MANDAMUS §
§

Submitted: June 21, 2022
Decided: July 18, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**ORDER**

After consideration of the petition for a writ of mandamus and the Superior Court's answer and motion to dismiss, it appears to the Court that:

(1)    The petitioner, James Biggins, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to take specific action in a Superior Court civil action captioned *Biggins v. Tgwe*, C.A. No. N21C-09-058 (the "Underlying Action"). The Superior Court has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2)    On September 10, 2021, Biggins filed the Underlying Action against Emeka Tgwe, Esquire, seeking damages for intentional misrepresentation of fact and intentional infliction of emotional distress. The Superior Court docket reflects that Tgwe was served with Biggins' complaint on September 23, 2021. After Tgwe failed to file a responsive pleading, Biggins filed a motion for a default judgment on

October 26, 2021 (the "Motion"). By letter dated November 11, 2021, the Superior Court directed Tgwe to respond to the Motion. On December 2, 2021, Tgwe filed a motion to dismiss the Underlying Action and an opposition to the Motion. By way of order dated June 16, 2022, the Superior Court denied the Motion and granted Tgwe's motion to dismiss. Thereafter, Biggins filed a motion for reargument, which remains pending in the Superior Court.

(3) On May 31, 2022—before the Superior Court ruled on the Motion—Biggins filed a petition for a writ of mandamus in this Court, asking this Court to order the Superior Court judge to recuse herself from his case and to direct the Superior Court to enter a default judgment in his favor.

(4) A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[1] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[2]

---

[1] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[2] *Id.*

2

(5)    There is no basis for the issuance of a writ of mandamus in this case for two reasons.  First, the matter is now moot because the Superior Court has ruled on the Motion.  Second, Biggins has another adequate remedy available to him: he may appeal the Superior Court's decision.  A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute.[3]

NOW, THEREFORE, IT IS HEREBY ORDERED that the Superior Court's motion to dismiss is GRANTED.  The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See id.*