IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| IN THE MATTER OF THE | § |
| PETITION OF DERIOUS | § No. 177, 2023 |
| JOHNSON FOR A WRIT | § |
| OF MANDAMUS | § |

Submitted: July 12, 2023
Decided: August 2, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The petitioner, Derious Johnson, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus.  The State of Delaware has filed an answer and motion to dismiss Johnson's petition.  After careful review, we conclude that the petition must be dismissed.

(2)   The record reflects that, in March 2003, Johnson pleaded guilty to escape after conviction in Criminal ID No. 0212015251.  The Superior Court sentenced Johnson to two years of Level V incarceration, suspended after ninety days for decreasing levels of supervision.   In October 2003, a Superior Court jury found Johnson guilty of first-degree rape in Criminal ID No. 0304007340.  The Superior Court sentenced Johnson, as a habitual offender under 11 *Del. C.* § 4214,

to life imprisonment. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3) On July 26, 2019, after the General Assembly amended 11 *Del. C.* § 4214 to permit the Superior Court to modify certain habitual offender sentences, the Superior Court granted Johnson's motion to modify his life sentence for first-degree rape. The Superior Court modified that sentence to ninety-nine years of Level V incarceration, suspended immediately for decreasing levels of supervision.

(4) On October 15, 2020, the Superior Court found that Johnson had violated his probation. The court sentenced Johnson as follows: (i) for escape after conviction, one year and nine months of Level V incarceration, suspended for eighteen months of Level III probation; and (ii) for first-degree rape, ninety-nine years of Level V incarceration, suspended after successful completion of a Level V treatment program in DOC's discretion for six months of Level IV DOC Discretion, followed by eighteen months of Level III probation. On January 27, 2021, the Superior Court modified the first-degree rape sentence to ninety-nine years of Level V inpatient drug treatment, suspended after successful completion of a Level V inpatient drug treatment program for six months of Level IV DOC Discretion, followed by eighteen months of Level III probation.

---

[1] *Johnson v. State*, 2004 WL 5579821 (Del. July 20, 2004).

(5) On April 11, 2023, the Superior Court found that Johnson had violated his probation. The court sentenced Johnson as follows: (i) for escape after conviction, one year and nine months of Level V incarceration, suspended after six months; and (ii) for first-degree rape, ninety-seven years, five months, and nineteen days of Level V incarceration, suspended after nine months for decreasing levels of supervision. Johnson's appeal of the Superior Court's judgment is pending in *Johnson v. State*, No. 148, 2023.

(6) On May 5, 2023, Johnson filed a petition for a writ of habeas corpus in the Superior Court. He alleged that he was illegally imprisoned for escape after conviction. On May 10, 2023, the Superior Court denied the petition, finding that Johnson was legally detained. Johnson did not appeal the Superior Court's judgment.

(7) Instead, on May 22, 2023, Johnson filed a petition for a writ of mandamus in this Court. He seeks a writ of mandamus directing the Superior Court to review his petition for a writ of habeas corpus, hold an evidentiary hearing, and release him from prison.

(8) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its

3

duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(9) Johnson has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him. The Superior Court reviewed and denied Johnson's petition for a writ of mandamus. The Superior Court was not required to hold an evidentiary hearing on Johnson's petition. In addition, Johnson had an adequate remedy in the appellate process. He could have appealed the Superior Court's denial of his petition for a writ of habeas corpus, but did not do so. A writ of mandamus is not a substitute for a timely-filed appeal.[4]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

/s/ Karen L. Valihura____
Justice

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[3] *Id.*
[4] *In re Noble*, 2014 WL 5823030, at *1 (Del. Nov. 6, 2014).