IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF JUSTIN ERSKINE | § | No. 129, 2024 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: April 1, 2024
Decided: April 18, 2024
Corrected: April 18, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the petition for a writ of mandamus, the answer and motion to dismiss, and the request for leave to amend the petition, it appears to the Court that:

(1)     The petitioner, Justin Erskine, seeks to invoke the original jurisdiction of this Court under Supreme Court Rule 43 and requests the issuance of a writ of mandamus.  The State of Delaware has filed an answer and motion to dismiss Erskine's petition.  After careful review, we conclude that the petition must be dismissed.

(2)     In October 2008, a Superior Court jury convicted Erskine of first-degree murder and other crimes.  The Superior Court sentenced Erskine to life imprisonment plus five years.  This Court affirmed the Superior Court's judgment on direct appeal.[1]

---

[1] *Erskine v. State*, 4 A.3d 391 (Del. 2010)

(3) On May 7, 2013, the Court affirmed the Superior Court's denial of Erskine's first motion for postconviction relief under Superior Court Criminal Rule 61.[2] On August 21, 2014, the Court affirmed the Superior Court's denial of Erskine's second motion for postconviction relief.[3] On December 21, 2016, the United States District Court for the District of Delaware denied Erskine's petition for a writ of habeas corpus.[4]

(4) On March 22, 2024, Erskine filed a petition for a writ of mandamus in this Court. He seeks a writ of mandamus directing the Superior Court to hold a new postconviction proceeding and to appoint counsel to represent him in that proceeding.

(5) A writ of mandamus will only issue if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[5] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[6]

---

[2] *Erskine v. State*, 2013 WL 1919121 (Del. May 7, 2013).
[3] *Erskine v. State*, 2014 WL 4179118 (Del. Aug. 21, 2014).
[4] *Erskine v. Pierce*, 225 F. Supp.3d 246 (D. Del. 2016).
[5] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[6] *Id.*

(6) Erskine has not shown that the Superior Court arbitrarily failed or refused to perform a duty owed to him. He has no right to appointment of counsel for a third postconviction motion under Rule 61.[7] The Superior Court may only appoint counsel for a second or subsequent postconviction motion if the movant has pleaded new evidence creating a strong inference of actual innocence or a claim that a new, retroactive rule of constitutional law renders the conviction valid.[8] Erskine pleads no such claims.

(7) Instead, Erskine appears to seek a do-over of his first postconviction proceeding with appointed counsel, claiming that the Superior Court failed to appoint him counsel in the original proceeding. This Court has previously rejected the argument that a defendant who proceeded without counsel in his first postconviction proceeding is entitled to a new postconviction proceeding with appointed counsel.[9] In addition, Erskine was represented by counsel throughout his first postconviction proceeding in the Superior Court. By the time postconviction

---

[7] Super. Ct. Crim. R. 61(e)(5) ("For an indigent movant's second or subsequent postconviction motion, the judge *may* appoint counsel for an indigent movant only if the judge determines that the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.") (emphasis added).

[8] *Id.*

[9] *See, e.g., Bunting v. State*, 2015 WL 2147188, at *2 (Del. May 5, 2015) (rejecting the defendant's argument that he was entitled to re-do his first postconviction proceeding with appointed counsel because he lacked counsel in the initial proceeding); *Riley v. State*, 2014 WL 98643, at *1 (Del. Jan. 9, 2014) (holding that the defendant, who had been convicted of felony murder and who had filed a pro se motion for postconviction relief that was denied in 2011, failed "to establish any legal or equitable basis to do over his initial postconviction motion with appointed counsel").

counsel moved to withdraw in those proceedings based on a breakdown in the attorney-client relationship, post-conviction counsel had already submitted a motion for postconviction relief and a reply in support of that motion. Erskine has not satisfied the requirements for issuance of a writ of mandamus in his petition or his request for leave to amend the petition.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

4