IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF DEVEARL BACON | § | No. 503, 2024 |
| FOR A WRIT OF MANDAMUS | § | |
| | § | |

Submitted: January 31, 2025
Decided: April 8, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the State of Delaware's answer and motion to dismiss, it appears to the Court that:

(1)     The petitioner, Devearl Bacon, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Department of Justice and the Superior Court to (i) dismiss his pending criminal charges, (ii) provide him with the transcripts of six hearings, (iii) order a hearing to review discovery, and (iv) order an inquiry into "missing motions." We conclude that Bacon's petition manifestly fails to invoke the original jurisdiction of this Court and must therefore be dismissed.

(2)     The record reflects that Bacon has four sets of criminal charges pending in the Superior Court. The same attorney was appointed to represent Bacon in all four matters. On July 24, 2024, counsel moved to withdraw. Following a hearing on August 5, 2024, counsel was permitted to withdraw and appointed as standby

counsel. Since that time, Bacon has filed numerous *pro se* pretrial motions. At a hearing on October 7, 2024, the Superior Court denied the eight motions that were pending at that time. Since then, by the Court's count, Bacon has filed at least an additional fifteen motions. On January 23, 2025, the Superior Court ordered a competency evaluation to determine if Bacon is competent to stand trial. On March 10, 2025, a forensic psychiatric evaluation completed by Andrew Donohue, D.O., was filed with the Superior Court. Dr. Donohue has opined that Bacon is competent to stand trial.

(3) The original jurisdiction of this Court to issue a writ of mandamus is limited "to the Superior Court, and the Court of Chancery, or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same."[1] A writ of mandamus will issue to a trial court only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the trial court has arbitrarily failed or refused to perform its duty.[2] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to

---

[1] Del. Const. art. IV, § 11(5).
[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(4)    There is no basis for the issuance of a writ of mandamus here. First, this Court cannot issue a writ of mandamus to the Department of Justice.[4] Second, and as noted above, the Court will not dictate how the Superior Court controls its docket. To the extent that Bacon is concerned that his pending motions have not yet been addressed by the Superior Court, the court undoubtedly (and properly) refrained from ruling on Bacon's pending motions while the competency evaluation remained outstanding. But we have no doubt that Bacon's motions will be addressed by the Superior Court in due course.

(5)    Finally, we note that Bacon attempts to use the extraordinary writ of mandamus to appeal the Superior Court's denials of his various pretrial motions while his cases remain pending. He cannot. Only final judgments in criminal cases are reviewable by this Court.[5] In the event Bacon is convicted of any charges in the Superior Court, he will then have a right to appeal his conviction and any underlying interlocutory orders to this Court.

---

[3] *Id.*
[4] *In re Trammel*, 2018 WL 3084542, at *1 (Del. June 20, 2018).
[5] Del. Const. art. IV, § 11(1)(b),

3

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED. The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

4