IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE § 
PETITION OF GARY PERKINS § No. 133, 2025
FOR A WRIT OF MANDAMUS §

Submitted: May 15, 2025
Decided: June 27, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the petition for a writ of mandamus and the State of Delaware's answer and motion to dismiss, it appears to the Court that:

(1) The petitioner, Gary Perkins, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus directing the Superior Court to produce a document that Perkins believes explains the reason for a Superior Court judge's recusal from his criminal case. We conclude that Perkins' petition manifestly fails to invoke the original jurisdiction of this Court and must therefore be dismissed.

(2) The record reflects that Perkins was convicted of first-degree murder and related offenses in 2017. Judge Medinilla presided over Perkins' trial and sentenced Perkins. This Court affirmed Perkins' convictions and sentence on appeal.[1] In March 2019, Perkins filed a motion for postconviction relief together

---

[1] *Perkins v. State*, 2019 WL 327959 (Del. Jan. 23, 2019).

with a motion for appointment of counsel. The Superior Court referred Perkins' motion to a Superior Court commissioner, who granted Perkins' request for counsel. In February 2021, counsel moved to withdraw, having concluded that there were no meritorious postconviction claims to pursue. On March 24, 2023, the Superior Court commissioner issued a report recommending that counsel's motion to withdraw be granted and that Perkins' motion for postconviction relief be denied. The matter was thereafter returned to Judge Medinilla for final disposition. In a memo to the file dated August 15, 2023, Judge Medinilla noted her recusal from the case because of a conflict (the "Memo"). On September 14, 2023, President Judge Jurden specially reassigned Perkins' motion for postconviction relief to herself.

(3)    In his petition for a writ of mandamus, Perkins asserts that he sent three letters to the court—dated September 11, 2023, September 25, 2023, and October 18, 2023, respectively—asking for a copy of the Memo. Perkins asserts that he is entitled to relief because these letters went unanswered and asks the Court to direct the Superior Court to supply him with a copy of the Memo, which he believes may contain "favorable evidence."

(4)    A writ of mandamus will issue to a trial court only if the petitioner can show that: (i) he has a clear right to the performance of a duty; (ii) no other adequate remedy is available; and (iii) the trial court has arbitrarily failed or refused to perform

2

its duty.[2]  "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[3]

(5)    There is no basis for the issuance of a writ of mandamus here.  The Superior Court docket does not reflect that any of the three letters that Perkins claims that he sent were received and docketed.  In the absence of any proof that the Superior Court actually received Perkins' requests,[4] we cannot conclude that the court arbitrarily refused to perform its duty—assuming, *arguendo*, that the court had a duty to produce the Memo at Perkins' request.  We note that Perkins' request is now moot: the State attached to its answer and motion to dismiss a copy of the Memo, which does not explain the reason for Judge Medinilla's recusal or contain any evidence favorable to Perkins' case.

---

[2] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

[3] *Id.*

[4] Perkins has submitted his inmate account statement for the month of October 2023.  The statement shows that Perkins was charged sixty-three cents for postage on October 24, 2023.  The statement does not identify an addressee for this mailing.  Even if it did, however, the statement would not be evidence that the addressee actually *received* the mailing.

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss is GRANTED.  The petition for a writ of mandamus is DISMISSED.


BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice